IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| JUN B.X.,<br><br>        Petitioner,<br><br>    vs.<br><br>SHIKHA DOSANJ, in her official capacity as Warden of the Federal Detention Center, Honolulu, Hawai‘i,<br><br>        Respondent. | Civil No. 26-00200 MWJS-RT<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 213-535-729 |

### ORDER GRANTING PETITION OR WRIT OF HABEAS CORPUS

Petitioner Jun B.X.[1] was arrested by immigration authorities on June 3, 2025.  He

has been ordered removed from the United States, and the government is making

efforts to effectuate that removal.  But all the while, Petitioner sits in immigration

detention.  That detention has now lasted nearly eleven months.

Against this backdrop, Petitioner invokes this court's habeas jurisdiction, 28

U.S.C. § 2241, contending—in Count I of his petition—that his immigration detention

has become unlawfully prolonged.  He notes that under the Supreme Court's decision

in *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention beyond six months to effectuate

---

[1]     For reasons explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his middle and last names are used in this order.

removal is presumptively unreasonable.  And he argues the government has not overcome that presumption.

Petitioner is correct that, because he has been arrested to effectuate an order of removal, a 90-day "removal period" applies, under which Petitioner may lawfully be detained.  8 U.S.C. §§ 1231(a)(1) and (a)(2).  That period may be extended beyond the 90 days under 8 U.S.C. § 1231(a)(6), and the language of the provision places no express limit on the length of further extensions.  But in *Zadvydas*, the Supreme Court rejected the notion that § 1231(a)(6) allows "indefinite detention."  533 U.S. at 689.  Instead, adopting a limiting construction, the Court held that § 1231(a)(6) allows detention of a noncitizen currently in the United States only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States."  *Id*.  It follows that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at 699.

The *Zadvydas* Court also provided guidance on how to apply this limiting construction of the statute.  A detention period of six months after a removal order is to be treated as "presumptively reasonable."  *Id.* at 701.  On the other side of six months, however, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," then the government "must respond with evidence sufficient to rebut that showing."  *Id.*

2

This court has recently ruled on two habeas petitions brought by individuals who, like Petitioner here, were being held in immigration detention at the Federal Detention Center in Honolulu (the "FDC").  In each of those cases, after full rounds of briefing, the court determined that the petitioner had provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and that the government had not responded "with evidence sufficient to rebut that showing."  *Id.*  In the first of these cases, *Vu v. Dosanj*, Civ. No. 26-00013, 2026 WL 594740 (D. Haw. Mar. 3, 2026), the petitioner had been in immigration detention for over eight months.  Because the court found that the government did not offer sufficient rebuttal evidence that removal to the petitioner's country of origin was likely in the reasonably foreseeable future, the court granted the petition.  The petitioner in *Malik v. Dosanj*, Civ. No. 26-00060, 2026 WL 638483 (D. Haw. Mar. 6, 2026), meanwhile, had been in immigration custody for nearly ten months, and the court there granted the petition because it found that the government did not offer sufficient evidence of success in finding a third country that would accept the petitioner (his own home country not being an option).

Given the apparent factual and legal similarities between Count I of the petition here and the factual records that were fully developed in *Malik* and *Vu*, the court issued an Order to Show Cause, noting that this case might be suitable for expedited disposition, and calling on the government to identify any factual or legal issues in this

3

case that distinguish Count I of the present petition from the court's prior orders in *Malik* or *Vu*. Dkt. No. 6. The court appreciates the government's timely and candid answer. Dkt. No. 7. In it, the government concurs "that this case can be determined in an expedited manner," acknowledges that "the legal issues in this case are not substantively distinguishable from *Malik* and/or *Vu*," and rests its opposition to the petition on an "incorporat[ion] [of] the Government's arguments set forth in those cases." *Id.* at PageID.124-25.

As there are no factual or legal issues in this case that would distinguish it from this court's prior orders, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count I. [2] The court ORDERS Respondent Shikha Dosanj, the Warden of the FDC, to immediately release Petitioner from detention under the conditions in his preexisting order of supervision. The parties are ORDERED to file a joint status report by May 1, 2026, confirming that Petitioner has been released. And any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025).

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

---

[2] Because it is unnecessary to do so, the court declines to resolve the remaining counts in the petition.

4

IT IS SO ORDERED.

DATED:  April 27, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 26-00200 MWJS-RT; *Jun B.X. v. Shikha Dosanj*; ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS